# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 13-00024-KD-N |
| | ) |
| KRISTOPHER AMBROSE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Kristopher Ambrose's Motion to Modify and/or Reduce a Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A) and in light of the First Step Act and Section 604" (doc. 155) and the United States' response (doc. 158). Ambrose moves for early release from his nine-month sentence for violation of conditions of supervised release because he intervened in an attack on a correctional officer by another inmate. Ambrose argues that assisting the officer is an extraordinary and compelling reason for early release.

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment … if it finds that extraordinary and compelling reasons warrant such a reduction" . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

In January 2019, after enactment of the First Step Act, the Bureau of Prisons revised its Program Statement regarding compassionate release. See Federal Bureau of Prisons, Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. § 3582(c)(1)(A) and 4205(g) (Jan. 17, 2019) https://www.bop.gov/policy/progstat/5050_050_EN.pdf. With respect to a request for compassionate relief under 18 U.S.C. § 3582(c)(1)(A), the Program Statement outlines certain minimum requirements. Specifically, the request to the Warden should be in writing and "shall at a minimum contain the following information: (1) The extraordinary or compelling circumstances that the inmate believes warrant consideration. (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." Id. at § 571.61. Additionally, the request for consideration should be initiated "only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." Id.

Ambrose did not provide the Court with evidence that he exhausted his administrative remedies with the BOP. However, Ambrose did provide a copy of his request to the Warden dated October 17, 2019 (Doc 155, p. 9). Ambrose appears to have met the minimum requirement that he include the extraordinary or compelling circumstance which he believes warrant consideration. Specifically, Ambrose explained that he had assisted a correctional officer who was attacked by another inmate. However, he did not provide the Warden with the

required minimal information in subparagraph (2).[1] Ambrose did not provide any information regarding his proposed release plans. Moreover, Ambrose asked the Warden to "file a letter of recommendation under P.S. 5880.30 for Act of Heroism in assisting a staff member" and "file a letter of recommendation for good time for the Act of Heroism and any other possible remedies." (Id.). Although Ambrose asked for "any other possible remedies", he did not ask for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Since Ambrose failed to comply with the minimum requirements set forth by the Bureau of Prisons, the Court finds that he has not met the necessary statutory prerequisites for filing a motion in the district court. Accordingly, Ambrose's motion is due to be dismissed for failure to meet the statutory prerequisites. See United States v. Solis, No. 16-015, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (a defendant who has not "requested compassionate release from the BOP or otherwise exhausted his administrative remedies" is not entitled to a reduction of his term of imprisonment.).

However, even assuming that Ambrose met the statutory prerequisite, he is not entitled to compassionate release. The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that if there are "extraordinary and compelling" reasons, a defendant may obtain a reduced sentence after consideration of the factors set forth in 18 U.S.C. § 3553(a), and if the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling" reasons

---

[1] In his motion, Ambrose states generally that he has a place to reside, "has an opportunity for immediate employment and can immediately be gainfully employed", and that he has been ordered by the Court to enroll in a drug treatment program. (Doc. 155, p. 6). Upon release, Ambrose is subject to the following: "the offender shall be housed at a Residential Re-entry Center in Mississippi for the first 90-days of SRT as directed by the Probation Office." (Doc. 154, p 3). Ambrose did not include this information in the request to the Warden.

are not defined in the statute. Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Congress also stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Id.

Before the First Step Act, the Sentencing Commission promulgated the following policy statement:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The Application Notes to the Policy Statement include four examples of extraordinary and compelling reasons to consider reduction of a sentence under § 3582(c)(1)(A). The defendant's medical condition may qualify if certain criteria are met. U.S.S.G. § 1B1.13(1)(A). The district court may consider the defendant's age (at least 65 years old), deteriorating health

related to aging, and certain parameters regarding time served. Id., at (B). The district court may consider the defendant's family circumstances with regard to the care of minor children or care of an incapacitated spouse or partner. Id., at (C). Last, the district court may consider "Other Reasons", if there exists "in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)", as determined by the Director of the Bureau of Prisons. Id., at (D).

Since Ambrose does not move on basis of medical condition, age, or family circumstance, his request must fall under subparagraph (D). In its present version, subparagraph (D) "leaves identification of other 'extraordinary and compelling reason[s]' to the Director of the Bureau of Prisons." United States v. Fox, No. 2:14-CR-03-DBH, 2019 WL 3046086, at * 3(D. Me. July 11, 2019). But now that the First Step Act allows the inmate to file for compassionate release without the BOP's support, it is unclear what "other" reasons can be relied upon for compassionate release. However, the Court finds that until the Sentencing Commission amends its Policy Statement "those other extraordinary and compelling reasons should be comparable or analogous to what the Commission has already articulated as criteria for compassionate release." United States v. Fox, 2019 WL 3046086, at *3. Ambrose's act of assisting the correctional officer is not comparable or analogous. Accordingly, Ambrose's motion is denied, but without prejudice to renewal should the Sentencing Commission, "as a result of the First Step Act, adopt[] a revised policy statement that contains provisions more favorable to [Ambrose's] circumstances." United States v. Fox, 2019 WL 3046086, at *4.

**DONE** and **ORDERED** this 3rd day of April 2020.

>    **s / Kristi K. DuBose**
>    **KRISTI K. DuBOSE**
>    **CHIEF UNITED STATES DISTRICT JUDGE**